UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'SHEA PETTWAY,                              Case No. 18-10318

              Plaintiff,                 Stephen J. Murphy, III
v.                                          United States District Judge

COMMISSIONER OF SOCIAL                       Stephanie Dawkins Davis
SECURITY,                                    United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 16, 17)**

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On January 26, 2018, plaintiff O'Shea Pettway filed the instant suit. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy, III, referred this matter to the undersigned for reviewing the Commissioner's unfavorable decision denying Pettway's claim for disability benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 16, 17). Pettway also filed a reply in support of her motion for summary judgment. (Dkt. 18).

### B.    Administrative Proceedings

On July 15, 2014, Pettway filed an application for supplemental security income, alleging disability beginning on July 15, 2014.  (Tr. 11).[1]  The claims were initially disapproved by the Commissioner on October 16, 2014.  *Id*.  Pettway requested a hearing and on April 25, 2016, she appeared with counsel before Administrative Law Judge (ALJ) Therese Tobin, who considered the case *de novo*. (Tr. 189-226).  In a decision dated August 30, 2016, the ALJ found that Pettway was not disabled.  (Tr. 8-22).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on November 24, 2017, denied Pettway's request for review.  (Tr. 1-7); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    ALJ FINDINGS

Pettway was born in 1991 and was 22 years old on the date the application was filed.  (Tr. 20).  She has a high school education and past relevant work experience as a cashier, which is light and unskilled.  (Tr. 20).  Pettway claims she

---

[1] The Administrative Record appears on the docket at entry number 13.  All references to the same are identified as "Tr."

is disabled because of her scoliosis and intolerable back pain.  (Tr. 198).  At the

hearing, in addition to discussing back and neck pain, she said that she has bipolar

disorder which is being treated with medication and difficulty sleeping because of

the pain.  (Tr. 193, 199).  Following the hearing, the ALJ considered the record

evidence within the framework of the five-step disability analysis and found at step

one that Pettway had not engaged in substantial gainful activity since the

application date.  (Tr. 13).  At step two, the ALJ found that Pettway's scoliosis was

"severe" within the meaning of the second sequential step.  *Id.*  The ALJ found that

her affective disorder was nonsevere.  (Tr. 14).  However, at step three, the ALJ

found no evidence that Pettway's impairments singly or in combination meet or

medically equal one of the listings in the regulations.  (Tr. 15).

Thereafter, the ALJ assessed Pettway's residual functional capacity ("RFC")

as follows:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity to perform light work as defined in 20
> CFR 416.967(b) except she needs a sit stand option
> permitting change in position every 30 minutes if needed
> and without disturbing the workplace; can occasionally
> climb ramps and stairs; never climb ladders, ropes and
> scaffolds; occasionally balance; occasionally stoop;
> never kneel, crouch and crawl; never be exposed to
> unprotected heights and moving mechanical parts; and
> never operate a motor vehicle.

3

(Tr. 15).  At step four, the ALJ found that Pettway could not perform her past

relevant work.  (Tr. 20).  At step five, the ALJ concluded that there were sufficient

jobs in the national economy that Pettway could perform, based on the RFC, and

thus, found she was not disabled.  (Tr. 21).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If a

claimant finds no relief during this administrative review process, the claimant

may file an action in federal district court.  *Mullen v. Bowen*, 800 F.2d 535, 537

(6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review is limited

in that the court "must affirm the Commissioner's conclusions absent a

determination that the Commissioner has failed to apply the correct legal standard

or has made findings of fact unsupported by substantial evidence in the record."

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether

substantial evidence supports the ALJ's decision, "we do not try the case de novo,

resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant."  *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may . . . consider the credibility of a claimant

when making a determination of disability."); *Walters*, 127 F.3d at 531

("Discounting credibility to a certain degree is appropriate where an ALJ finds

contradictions among medical reports, claimant's testimony, and other evidence.").

"However, the ALJ is not free to make credibility determinations based solely

upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*,

486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

       If supported by substantial evidence, the Commissioner's findings of fact are

conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006)

("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty-stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or

which has lasted or can be expected to last for a
continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)
(SSI).

The Commissioner's regulations provide that disability is to be determined
through the application of a five-step sequential analysis set forth at 20 C.F.R.
§§ 404.1520, 416.920.  Essentially, the ALJ must determine whether: (1) the
plaintiff is engaged in significant gainful activity; (2) the plaintiff has any severe
impairment(s); (3) plaintiff's impairments alone or in combination meet or equal a
Listing; (4) the claimant is able to perform past relevant work; and (5) if unable to
perform past relevant work, whether there is work in the national economy that the
plaintiff can perform.  (*Id.*).  "If the Commissioner makes a dispositive finding at
any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence
and severity of limitations caused by her impairments and the fact that she is
precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited
with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step
without a finding rejecting the existence of disability, the burden transfers to the
Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).
At the fifth step, the Commissioner is required to show that "other jobs in
significant numbers exist in the national economy that [claimant] could perform

8

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

1.     Evaluation of Evidence Presented to Appeals Council

Pettway seems to be arguing that the Appeals Council improperly declined to review her appeal and failed to address some of the new evidence she presented to it. More specifically, the Appeals Council addressed records from Henry Ford Medical Center from February 20, 2015 to December 23, 2015, Henry Ford Medical Center dated April 15, 2016 to April 17, 2017, Henry Ford Fairlane Hospital Dated April 15, 2016 to November 14, 2016 and a medical needs statement from Dr. Al-Talieb dated November 14, 2016 (Tr. 2), but did not address the records from Team Rehabilitation, dated January 9, 2015 to July 13, 2015, at all. According to Pettway, this omission by the Appeals Council is important because the ALJ found the lack of more aggressive treatment significant in evaluating her claim. Pettway argues that had the ALJ been informed of her

physical therapy treatment, she may have been able to better assess her claims.

Further, the ALJ also discounted her treating physician's opinions because of the

lack of more aggressive treatment.  Thus, Pettway contends that her physical

therapy might have altered the ALJ's assessment of the treating physician opinion.

Pettway also maintains that her reports to the physical therapist – that she is not

able to stand more than 15 minutes, sit more than 10 minutes, and uses a cane for

ambulation – belies the consultative examiner's conclusion that Pettway did not

need to use a cane for any medical reason.  (Tr. 603, 605, 609).  Because the ALJ

relied on the CE's opinions in her determination regarding Pettway's RFC, these

records would have made a difference in the ALJ's assessment.  (Tr. 19).

     To the extent that Pettway is arguing that the Court can consider the

evidence submitted to the Appeals Council in a review for substantial evidence, the

undersigned agrees with the Commissioner that her argument finds no support in

applicable law.  Under 20 C.F.R. § 404.970(b), if "new and material evidence is

submitted," the Appeals Council shall consider the evidence "only where it relates

to the period on or before the date of the administrative law judge hearing

decision."  20 C.F.R. § 404.970(b).  The Sixth Circuit "has repeatedly held that

evidence submitted to the Appeals Council after the ALJ's decision cannot be

considered part of the record for purposes of substantial evidence review."  *Foster*

*v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r Soc. Sec.*

*Admin.*, 96 F.3d 146, 148 (6th Cir. 1996)). Moreover, "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)). Here, the Appeals Council declined Pettway's review request. Therefore, the undersigned will not consider the new evidence submitted to the Appeals Council.

However, the Court may remand the case for further administrative proceedings if a plaintiff can show that the evidence is "new" and "material" and that she had "good cause" for not presenting it in earlier proceedings. *Foster*, 279 F.3d at 357. This is referred to as a sentence six remand under 42 U.S.C. § 405(g). Under § 405(g), "evidence is only new if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Id.* (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). A plaintiff shows "good cause" by demonstrating a reasonable justification for failing to acquire and present the evidence for inclusion in the

11

ALJ's hearing.  *Id.*  Pettway does not expressly argue for a remand under sentence six.  In her reply brief, she asserts, that at the time of the hearing, the law required that the reports be new, material and related to medical treatment before the hearing date.  According to Pettway, these records are new, material and reference treatment before the hearing date.  Pettway argues that the Appeals Council should have remanded the matter to the ALJ for a proper review of the medical records provided to the Appeals Council.  Pettway also suggests that these records should have been included in the record earlier, but she has had multiple attorneys.  She refers to the Commissioner's obligation to fully develop the record when no counsel was involved in her case.

As to "good cause," it is not established solely based on the fact that the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test.  *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001).  Rather, a plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.  *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir.

12

2003).  Pettway suggests that the records were not submitted until after the ALJ's decision because she was not represented by counsel early in the claims process. However, she was represented at the hearing and did not request additional time to provide supplemental records.  Evidence is new only if it was not in existence at the time of the hearing or unavailable to the plaintiff.  *See Foster*, 279 F.3d at 357. Pettway offers no reasonable explanation for the late submission of records that existed before the hearing.  Pettway has also not made the case that a review of the subject records would likely change the Commissioner's decision.  And, even if some of the materials presented to the Appeals Council are arguably new and material, the undersigned finds no good cause for the delay under these circumstances and a sentence six remand is not warranted.

> 2.      Other Points of Error

Pettway make a host of other undeveloped arguments.  She says the ALJ erred by affording her treating physician's opinions (Dr. Al-Taieb) less weight than the opinions of the consulting examiner, Dr. Karo.  However, Pettway's argument is wholly supported by reference to the records submitted to the Appeals Council, which cannot be considered by the Court, as discussed above.  In this vein, Pettway also disputes the ALJ's characterization that her counsel did not respond to Dr. Karo's report.  The Commissioner acknowledges that this statement was incorrect but contends that this is not cause for remand.  The undersigned agrees.  Not only

is this argument woefully undeveloped, Pettway's counsel's statements are not, as the Commissioner points out, evidence. Thus, the court fails to see how such statements would undermine the evidence that otherwise supports the ALJ's decision in this case. And, importantly, Pettway does not otherwise directly challenge the substance of the ALJ's analysis and weighing of the medical opinions.

Pettway also alleges that the ALJ improperly rejected her need to use a cane. Pettway must demonstrate that, even if the ALJ had properly considered her medical need for a cane, that consideration would have made a difference in the final disability determination. *Wolford v. Comm'r of Soc. Sec.*, 2018 WL 2381894, at *11 (S.D. Ohio May 25, 2018) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). Even if the ALJ erred in this regard, any such error is harmless because the vocational expert testified that if Pettway needed to use a cane, she could still perform the job of visual inspector. (Tr. 219, 221). As the Commissioner points out, the vocational expert testified that there were more than 80,000 visual inspector positions in the national economy. (Tr. 219). This is more than sufficient for the Commissioner to carry her limited burden at step five. *See Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (holding that 6,000 jobs in the national economy was sufficient to

sustain the Commissioner's burden). The VE also identified three representative

jobs at the sedentary exertional level that Pettway could perform even if she

needed to use a cane. (Tr. 219-20, 221). Accordingly, even if Pettway required

the use of cane, such a need is not work-preclusive and does not undermine the

ALJ's conclusions based on the VE's testimony. *See Scott v. Comm'r of Soc. Sec.*,

2015 WL 4634077, at *6 (E.D. Mich. July 6, 2015) ("Plaintiff's argument

presumes that the need for a cane or other assistive device entirely precludes his

ability to perform light work.... In this case, however, the vocational expert

specifically testified that there were 30,000 light jobs available that plaintiff could

perform while using a cane for standing and walking."). Accordingly, even if the

ALJ erred, such error was harmless and does not warrant remand. *See Heston v.*

*Comm'r of Soc. Sec*., 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that

remand to correct an error committed by the ALJ was unnecessary where such

error was harmless).

To the extent Pettway has raised other points of error, they are perfunctory

and undeveloped, and therefore, are waived. *See McPherson v. Kelsey*, 125 F.3d

989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived. It

is not sufficient for a party to mention a possible argument in the most skeletal

way, leaving the court to ... put flesh on its bones."). The undersigned declines to

scour the record to piece together support for these vague and undeveloped arguments.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: June 30, 2019                              s/Stephanie Dawkins Davis
                                                 Stephanie Dawkins Davis
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 30, 2019, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record.

                                                 s/Tammy Hallwood
                                                 Case Manager
                                                 (810) 341-7850
                                                 tammy_hallwood@mied.uscourts.gov